IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

OWNERS INSURANCE COMPANY,         *

    Plaintiff,                *

vs.                               *

                         CASE NO. 4:16-CV-368 (CDL)

TERRELL ANDERSON, BETTY STOKES, *
and CHARLES MIMS,
                                   *

    Defendants.

_____ *

O R D E R

    Plaintiff Owners Insurance Company filed a motion for service by publication on Defendant Betty Stokes.  For the reasons set forth below, the motion (ECF No 10) is granted.

    Under Federal Rule of Civil Procedure 4(e)(1), an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Georgia law permits service by publication "[w]hen the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons." O.C.G.A. § 9-11-4(f)(1)(A).  If the Court finds that a claim exists against the defendant to be served and that the defendant is a necessary or proper party,

the Court "may grant an order that the service be made by the publication of summons." *Id.*

Here, Owners Insurance seeks a declaration regarding its obligations under a car insurance policy it issued to Terrell Anderson.   In an underlying personal injury lawsuit, Charles Mims alleges that Stokes, while driving Anderson's car, caused a wreck that resulted in injuries to Mims.   Owners Insurance claims in this declaratory judgment action that it has no duty to defend or indemnify Stokes (or Anderson) in the underlying lawsuit.   The Court finds that a claim exists against Stokes and that she is a necessary or proper party in this action.

The next question is whether Owners Insurance presented enough evidence to show that it could not locate Stokes despite the exercise of due diligence.   Before ordering service by publication, the Court must find that service by publication satisfies due process; "[w]here the defendant's address is unknown, service by publication is constitutionally permissible upon a showing that reasonable diligence has been exercised in attempting to ascertain the defendant's whereabouts." *McDade v. McDade*, 435 S.E.2d 24, 26 (Ga. 1993).

Based on the affidavits submitted by Owners Insurance and the representations counsel made at the telephone conference on the motion for service by publication, Owners Insurance took the following actions to locate Stokes.   First, Owners Insurance

attempted to serve Stokes personally at her last known address, 154 Wendell Drive, Columbus, Georgia 31903.   The resident at that address, who is Stokes's brother, informed the process server that he had not seen or heard from Stokes in more than a year.   Owners Insurance then asked Anderson about Stokes's whereabouts, but he had lost contact with Stokes and did not know where to find her.   Owners Insurance received some information suggesting that Stokes may live in Texas, but Owners Insurance could not locate her.   Finally, Owners Insurance ran a "skiptrace" on Stokes but could not find current contact information for her.   From this evidence, the Court is satisfied that Owners Insurance exercised reasonable diligence in trying to ascertain Stokes's whereabouts.   The Court therefore finds it appropriate to order service on Stokes by publication in accordance with the procedures set forth in O.C.G.A. § 9-11-4(f)(1)(C).

The Court orders Owners Insurance to coordinate publication of the notice on Stokes in each newspaper in which Owners Insurance wishes to have the notice published.   Owners Insurance shall determine the procedures for placing the notice in each newspaper.   For each newspaper, Owners Insurance shall:

1. Prepare for the Clerk of Court's signature a cover letter to the publisher providing instructions for publishing the notice in accordance with the requirements of O.C.G.A. § 9-11-4(f)(1)(C);

2. Provide to the Clerk a check made out to the publisher for the cost of publishing the notice; and

3. Prepare and submit to the Clerk a proposed notice to be published. The proposed notice shall comply with the requirements of O.C.G.A. § 9-11-4(f)(1)(C).

Once Owners Insurance provides the cover letter(s), check(s), and proposed notice(s) to the Clerk, the Clerk shall submit these items to the publisher(s) and cause publication of the notice(s) and shall note on the docket when this task is complete. Once publication is complete, Owners Insurance shall obtain and submit to the Court a publisher's affidavit demonstrating that the notice(s) was published in accordance with O.C.G.A. § 9-11-4(f)(1)(C).

Within fifteen days of the date of this Order, the Clerk shall send, via first class mail, the following items to Betty Stokes at her last known address (154 Wendell Drive, Columbus, Georgia 31903):

1. A copy of the published notice;

2. A copy of this Order; and

3. A copy of the Complaint.

After these items are mailed to Stokes, the Clerk shall make a note on the docket that this task is complete.

IT IS SO ORDERED, this 23rd day of March, 2017.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA