IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:16-CV-368(CDL) |
| TERRELL ANDERSON, BETTY STOKES, and CHARLES MIMS, | * | |
| | * | |
| Defendants. | * | |
| | * | |

O R D E R

Owners Insurance Company ("Owners") issued a car insurance policy to Terrell Anderson. When he failed to pay the premium, Owners canceled Anderson's policy. A few days after the cancelation, Betty Stokes, while driving Anderson's car, was involved in a wreck with Charles Mims. After the wreck, Anderson got the Owners policy reinstated, but he misrepresented that no accidents had occurred involving the insured vehicle after the cancelation. Mims eventually sued Anderson and Stokes in state court for injuries arising from the wreck. Owners then filed this action seeking a declaration that no coverage exists under its policy, and thus it has no duty to defend or indemnify Anderson or Stokes. Because it is undisputed that the policy was properly canceled prior to the wreck and the policy was reinstated based on Anderson's fraudulent misrepresentations,

1

the Court grants Owners' motion for summary judgment (ECF No. 26).

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.* The nonmoving party's failure to point to evidence that would allow a reasonable jury to find in that party's favor on an essential element of its claim renders all other facts immaterial and entitles the moving party to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

FACTUAL BACKGROUND

Defendants did not respond to Owners' motion for summary judgment or its statement of undisputed material facts. Therefore, the facts in Owners' statement of material facts are

2

deemed admitted pursuant to Local Rule 56.  Nonetheless, the Court must still review Owners' citations to the record to determine whether a genuine fact dispute exists.  *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1303 (11th Cir. 2009).  The materials submitted by Owners in support of its motion for summary judgment establish the following:

On September 3, 2015, Anderson met with Amanda Cooper, an insurance agent at Culpepper Insurance Agency, and applied for a car insurance policy from Owners.  Cooper Aff. ¶¶ 2, 4-5, ECF No. 27-4.  When he applied for the policy, Anderson also paid his first month's premium payment of $108.17.  *Id*. ¶ 8.  On September 16, Owners issued Automobile Policy 50-472-508-00 with an effective date of September 3, 2015 and termination date of September 3, 2016.  Ketcherside Aff. ¶ 4, ECF No. 27-1; *see also id*. Ex. 1, Owners Ins. Policy 50-472-508-00 (Sept. 16, 2016) [hereinafter "Policy"].  Pursuant to the policy, Owners agreed to "pay damages for bodily injury and property damage for which you become legally responsible because of . . . the ownership . . . of your automobile[.]"  Policy § II.1.a.  The policy required Anderson or any other person seeking coverage to promptly furnish details about any accident to Owners and to assist and cooperate with Owners in the investigation, settlement, or defense of any claim or suit.  *Id*. § V.1-2.  The policy also provided that Owners "will not cover any person

3

seeking coverage under this policy who has made fraudulent statements . . . with respect to procurement of this policy or to any occurrence for which coverage is sought." *Id.* § VI.3.

Anderson did not make his next premium payment. Eveleth Aff. ¶¶ 5-7 & Ex. 1, ECF No. 27-3 (detailing credits and debits for Anderson's policy and showing Anderson's failure to pay September 25, 2015 premium payment). Consequently, on October 27, 2015, Owners sent Anderson a notice of cancellation, which explained that the policy would be canceled on November 15. Ketcherside Aff. ¶ 6; *id.* Ex. 2, Notice of Cancellation (Oct. 28, 2015). Owners then canceled the policy on that date. Ketcherside Aff. ¶ 6. On November 16, Mims and Stokes were involved in a car accident. Pl.'s Mot. for Summ. J. Ex. 7, Accident Report (Nov. 16, 2015), ECF No. 27-7. Stokes was driving Anderson's car at the time of the accident. *Id*.

Four days after the accident, Anderson contacted Cooper about reinstating the policy. Cooper Aff. ¶ 10. Cooper then contacted Owners about Anderson's request. *Id.* ¶ 11. Owners indicated that they would reinstate the policy if Anderson signed a "No Loss Statement." *Id.* ¶ 12. Cooper explained this to Anderson. *Id.* ¶¶ 15, 17. On November 23, Anderson signed the following statement:

> In consideration for the acceptance of my payment after the time and date of cancellation 11/15/2015 at 12:01 a.m., I do hereby certify that there have been

4

> no accidents, claims or loses [sic] under my policy
> during the time of cancellation, and I understand that
> Auto Owners Insurance Company is not liable for any
> claims during this time.

*Id*. Ex. 3, Anderson No Loss Statement (Nov. 23, 2015). Cooper sent the statement to Owners. Cooper Aff. ¶ 21. In reliance on Anderson's statement and with no knowledge of the accident, Owners then reinstated Anderson's policy. Ketcherside Aff. ¶¶ 12, 15-16.

Mims made a claim to Owners based on the accident. One month after the accident, Owners sent a letter to Anderson asking him to contact Owners to discuss the claim. Adams Aff. ¶ 8, ECF No. 27-2; *id*. Ex. 2, Letter from W. Adams to T. Anderson (Dec. 15, 2015), ECF No. 27-2 at 37. Owners received no response. Adams Aff. ¶ 10. In March 2016, Owners sent Anderson a reservation of rights letter, but received no response. *Id*. ¶¶ 11-13; *id*. Ex. 4, Letter from W. Adams to T. Anderson (Mar. 18, 2016), ECF No. 27-2 at 40-45. Over the next four months, Owners' counsel tried three times to schedule examinations under oath and to obtain documents from Anderson and Stokes, but received no response. Kahren Aff. ¶¶ 6-11, ECF No. 27-5. Owners' counsel then advised Anderson and Stokes that their failures to communicate constituted breaches of the policy and that Owners "could give no further consideration to the claim until there has been full compliance with these policy

5

provisions." *Id*. ¶ 12; *see also id*. Ex. 9, Letter from M. Kahren to T. Anderson & B. Stokes (July 8, 2016), ECF No. 27-5 at 47-49. Mims sued Anderson and Stokes in state court in September 2016. Compl. Ex. 1, Compl., *Mims v. Stokes*, No. 16-CV-575 (State Ct. of Muscogee Cty. Sept. 16, 2016), ECF No. 1-2. Owners then sent supplemental reservation of rights letters to Stokes and Anderson. Adams Aff. ¶ 14. Owners received no response from Anderson or Stokes. *Id*. ¶ 16. Neither Anderson nor Stokes has communicated with Owners or its counsel. Kahren Aff. ¶ 13.

Owners then brought this action. Owners properly served Anderson with process twice, but Anderson did not respond to the complaint, did not file a responsive pleading, and is in default. *See* Order Granting Pl.'s Mot. for Entry of Default as to Def. Anderson, ECF No. 21. Stokes was served by publication. She likewise has not responded to the complaint or filed any responsive pleading. Mims responded to the complaint, but he did not file a response to Owners' summary judgment motion.

## DISCUSSION

Owners seeks a declaration (1) that no coverage exists under the policy for the November 16, 2015 accident; (2) that Anderson breached the policy's fraud provision by signing the no loss statement; and (3) that Anderson and Stokes breached the policy's "assist and cooperate" provision by failing to

6

communicate with Owners or its counsel after the accident. To cancel a policy for nonpayment of premium, an insurer may mail a written notice of cancelation to the insured. The notice must be mailed at least ten days before the cancelation goes into effect. *See* O.C.G.A. § 33-24-44(d). The notice must also "clearly, unambiguously, and unequivocally put[] the insured on notice that the insurance coverage at issue is ending." *Reynolds v. Infinity Gen. Ins. Co.*, 694 S.E.2d 337, 341 (Ga. 2010). Because there is no dispute that Owners mailed the notice at least ten days before November 15, 2015 and that the notice put Anderson on notice that the policy was ending, the Court concludes that Owners properly canceled the policy. Though Owners later agreed to reinstate the policy, the reinstatement did not apply retroactively to losses that occurred during the lapse period because the reinstatement was conditioned on Anderson's no loss statement. There is no dispute that the accident occurred during the lapse period and that Anderson nonetheless signed a no loss statement to the contrary one week later. Therefore, the Court finds that no coverage exists under the policy. *See Sims v. First Acceptance Ins. Co. of Ga., Inc.*, 745 S.E.2d 306, 309-10 (Ga. Ct. App. 2013) (affirming trial court's holding that no coverage existed

for an accident occurring during a policy's lapse period when insured signed no loss statement to reinstate coverage).[1]

CONCLUSION

For the reasons explained above, no coverage exists under the policy. Therefore, Owners has no duty to defend or indemnify Anderson or Stokes for any claims arising from the accident that is the subject of Mims's state court action. Owners' motion for summary judgment (ECF No. 27) is accordingly granted.

IT IS SO ORDERED, this 17th day of January, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] It is likely that Anderson also breached the fraud provision of the policy (Policy § VI.3) by misrepresenting that no accident occurred during the lapse period.